## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:07CR00044 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JOHN ERIC MILLER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*John Eric Miller, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 57. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. After reviewing the record, I deny the motion as untimely filed.

I.

I entered Miller's criminal judgment on March 18, 2008, sentencing him to 181 months' incarceration after he pleaded guilty to conspiring to distribute 50 grams or more of a mixture of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and § 846, and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Miller did not appeal.

Miller commenced this collateral attack no earlier than May 16, 2017.[1]  The

court conditionally filed his Motion for Resentencing Pursuant to Rule 60(b)(6)

and advised him that it intended to construe the motion as a § 2255 motion in

accordance with *Castro v. United States*, 540 U.S. 375, 377 (2003).  The court

further advised Miller that a § 2255 motion appeared to be untimely and gave him

the opportunity to explain why the court should consider it timely filed.  Miller

consented to having the Rule 60(b)(6) motion treated as a § 2255 motion by filing

a completed form § 2255 motion.  ECF No. 60.  He now argues that I should

consider the § 2255 motion timely filed because he commenced this collateral

attack within one year of *Dean v. United States*, 137 S. Ct. 1170, 1174 (2017).[2]

## II.

Federal inmates in custody may attack the validity of their federal sentences

by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitations

period.  This period begins to run from the latest of:

---

[1] I consider the § 2255 motion as relating back to the date Miller handed his "Motion for Resentencing Pursuant to Rule 60(b)(6)" to prison officials for mailing.  See Mot. for Resentencing 4, ECF No. 56.  *See* Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions); Fed. R. Civ. P. 15(c) (discussing relating back to previously filed documents); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring liberal construction of pro se pleadings).

[2] *Dean* held that 18 U.S.C. § 924(c) does not prevent a sentencing court from considering the length of the mandatory minimum sentence imposed under § 924(c) when calculating an appropriate sentence for the predicate offense.  137 S. Ct. at 1178.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Miller's criminal judgment became final in April 2008, when the time to appeal to the court of appeals expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Miller had until April 2009 to timely file a § 2255 motion. However, he did not commence this collateral attack until May 2017, well after a year had passed.

Miller argues that his motion is timely filed within one year of *Dean v. United States*, 137 S. Ct. at 1174, which was decided in April 2017. However, Miller has not shown that *Dean* recognizes a new right and that it applies retroactively to cases on collateral review. *Cf. United States v. Sanders*, 247 F.3d

139, 147-48 (4th Cir. 2001) (citing *Teague v. Lane*, 489 U.S. 288, 312 (1989)) (discussing retroactive application of new case law). Miller therefore fails to establish that the limitations period runs from the issuance of *Dean* under § 2255(f)(3).

Equitable tolling is available only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). I do not find that Miller pursued his rights diligently or that an extraordinary circumstance prevented him from filing a timely § 2255 motion. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law do not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (noting that neither unfamiliarity with the law due to illiteracy nor pro se status tolls the limitations period). Accordingly, Miller is not entitled to equitable tolling, and the § 2255 motion must be denied as untimely filed.

III.

For the foregoing reasons, the Motion for Resentencing Pursuant to Rule 60(b)(6) (ECF No. 56) is DENIED as moot, and the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 57) is DENIED.  A separate Final Order will be entered herewith.

DATED:   July 12, 2017

/s/  James P. Jones
United States District Judge